UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24007-COOKE/DAMIAN

GPM INDUSTRIAL, INC., *a Florida corporation*,

 Plaintiff,
vs.

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES, *et al.*,

 Defendants.
_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES [ECF NO. 30]

THIS CAUSE is before the Court on Plaintiff, GPM Industrial, Inc.'s ("Plaintiff"), Motion to Strike Defendants' Affirmative Defenses (the "Motion"). [ECF No. 30]. This matter was referred to the undersigned by the Honorable Marcia G. Cooke, United States District Judge, for a Report and Recommendation. [ECF No. 33]. *See* 28 U.S.C. § 636(b)(1)(B).

The undersigned has reviewed the parties' memoranda [ECF Nos. 31 and 32], the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises. For the reasons that follow, it is recommended that Plaintiff's Motion to Strike Defendants' Affirmative Defenses [ECF No. 30] be granted.

 **I. BACKGROUND**

This action arises out of the denial, by Defendants, United States Citizenship & Immigration Services and its Director, Ur M. Jaddou's (collectively, "Defendants"), of a Form I-140 petition for an employment-based immigrant visa ("I-140 petition") filed by

Plaintiff on behalf of its President and CEO, Gustavo Gamboa Villarroel. [*See* ECF No. 11 at ¶ 1].[1]

Plaintiff filed the First Amended Complaint for Declaratory and Injunctive Relief ("FAC") on March 11, 2021. [ECF No. 11 ("FAC")]. In the FAC, Plaintiff asserts two counts challenging Defendants' denial of the I-140 petition pursuant to the Administrative Procedure Act and the Immigration and Nationality Act (Count I), and as a violation of Plaintiff's right to due process under the Fifth Amendment to the United States Constitution (Count II). [*Id.* at ¶ 8]. Defendants filed an Answer and Affirmative Defenses to the FAC on February 4, 2022. [ECF No. 28].

On February 25, 2022, Plaintiff filed the Motion now before the Court challenging the following two paragraphs of Defendants' Affirmative Defenses:

1. Plaintiff's FAC and each cause of action therein fails to state a claim upon which relief may be granted.

2. Although Defendants do not presently have specific facts in support of their remaining defenses, they hereby put Plaintiff on notice that Defendants raise the following affirmative defenses, as set forth in Federal Rule of Civil Procedure 8, should Defendants become aware of facts that support those defenses, including but not limited to: estoppel, res judicata, waiver, statute of limitations, and fraud.

Motion at 1. Plaintiff argues these paragraphs should be stricken pursuant to Federal Rule of Civil Procedure 12(f) because (1) they are legally insufficient as they do not constitute valid affirmative defenses; (2) they contain only bare bones conclusory allegations; and (3) the affirmative defense of fraud is not pled with the requisite particularity. *Id.*

---

[1] On April 30, 2020, Plaintiff commenced this action in the United States District Court for the District of Columbia, which subsequently transferred the case to this Court on November 5, 2021. [ECF No. 18].

## II. APPLICABLE LEGAL STANDARDS

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). "Affirmative defenses 'are subject to the general pleading requirements of Rule 8(a)' of the Federal Rules of Civil Procedure." *Mushilla Holdings, LLC v. Scottsdale Ins. Co.*, No. 20-20832, 2020 WL 6135804, at *1 (S.D. Fla. June 16, 2020) (Cooke, J.) (quoting *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007); *see also Melaih v. MSC Cruises, S.A.*, No. 20-61341, 2021 WL 3731272, at *3 (S.D. Fla. July 27, 2021) (discussing pleading standards and collecting cases).

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although a court has broad discretion when reviewing a motion to strike, such motions are considered "a drastic remedy" and are often "disfavored by the courts." *Simmons v. Royal Caribbean Cruises, Ltd.*, 423 F. Supp. 3d 1350, 1352 (S.D. Fla. 2019) (Ungaro, J.). Motions to strike are generally denied "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.* (quoting *Bank of Am., N.A. v. GREC Homes IX, LLC*, No. 13-21718, 2014 WL 351962, at *4 (S.D. Fla. Jan. 23, 2014) (Altonaga, J.)).

An affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law. *Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 692 (S.D. Fla. 2020) (Bloom, J.). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is

3

clearly invalid as a matter of law." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (Ryskamp, J.) (citation omitted). Further, "a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Id.* Therefore, when considering a motion to strike affirmative defenses, the Court assesses whether the defense is legally sufficient to provide "fair notice" of the nature of the defense. *Mushilla*, 2020 WL 6135804, at *1 (quoting *Grovenor House, L.L.C. v. E.I. Du Pont De Nemours & Co.*, No. 09-21698, 2010 WL 3212066, at *2 (S.D. Fla. Aug. 12, 2010) (Cooke, J.)).

### III.  DISCUSSION

With the foregoing in mind, the undersigned considers whether Paragraphs 1 and 2 of Defendants' Affirmative Defenses are sufficient as a matter of law and whether they provide fair notice of the nature of the defenses and the grounds upon which they rest.

#### A. Paragraph 1

Paragraph 1 of Defendants' Affirmative Defenses states: "Plaintiff's FAC and each cause of action therein fails to state a claim upon which relief may be granted." [ECF No. 28 at 16, ¶ 1]. Plaintiff argues this is not a valid affirmative defense, but is, instead, "an assertion that there is a legal or factual defect in the plaintiff's claim for relief." Motion at 4. Defendants concede this affirmative defense "merely denies Plaintiff's allegations," and, therefore, request that the Court treat it as a specific denial, rather than strike it. *See* Response at 5.

Courts in this District routinely strike "failure to state a claim" defenses labeled as "affirmative defenses," because they do not constitute valid affirmative defenses. *See, e.g.*, *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09–cv-61490, 2010 WL 5393265, at *2 (S.D. Fla. Dec. 21, 2010) (Cooke, J.) (striking "failure to state a claim" affirmative defense

4

and noting "[w]hile treating the 'failure to state a claim' affirmative defense as a denial, and allowing it to remain as an affirmative defense may be permissible, I believe the better practice is to properly label denials and affirmative defenses, and to keep these two defenses separate"); *Northrop & Johnson Holding Co. v. Leahy*, No. 16-cv-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (Bloom, J.) (citing *Boldstar Tech. LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) ("[F]ailure to state a claim is a defect in [a party]'s claim; it is not an additional set of facts that bar recovery notwithstanding [a party]'s valid prima facie case.")).

Consistent with the foregoing authority, the undersigned finds that Defendants' defense of failure to state a claim is not a proper affirmative defense and recommends that it be stricken.

Accordingly, the undersigned recommends that Plaintiff's Motion to Strike Paragraph 1 of Defendants' Affirmative Defenses be granted.

### B. Paragraph 2

In Paragraph 2, Defendants assert the following as an affirmative defense:

> Although Defendants do not presently have specific facts in support of their remaining defenses, they hereby put Plaintiff on notice that Defendants raise the following affirmative defenses, as set forth in Federal Rule of Civil Procedure 8, should Defendants become aware of facts that support those defenses, including but not limited to: estoppel, res judicata, waiver, statute of limitations, and fraud.

[ECF No. 28 at 16, ¶ 2].

Plaintiff argues Paragraph 2 should be stricken because it is inadequately pled as a bare-bones legal conclusion and without sufficient facts to put Plaintiff on notice as to the nature of the affirmative defenses Defendants intend to raise. *See* Motion at 4; Reply at 6. Additionally, Plaintiff argues the defense of fraud is not pled with the requisite particularity. *Id.* Defendants respond that Paragraph 2 places Plaintiff on notice "by retaining the right to

raise affirmative defenses despite the lack of specific facts available at the time of the Answer." Response at 6. Thus, Defendants concede that "Paragraph 2 can be interpreted as a reservation of Defendants' right to raise affirmative defenses." *Id.*

Although the type of boilerplate language found in Paragraph 2 of Defendants' Affirmative Defenses is common and might be viewed as a reservation of rights, the undersigned finds that it "does not constitute an affirmative defense because it does not respond to the initial complaint or raise facts which negate Plaintiff's claims." *Doral Boulevard Hotel, LLC v. Hartford Steam Boiler Inspection & Ins. Co.*, No. 16-cv-20697, 2016 WL 8793344, at *2 (S.D. Fla. May 23, 2016) (Scola, J.). As United States Magistrate Judge Klein explained, such a reservation of rights "is a nullity and surplusage as Defendants will still have to move for leave to amend to raise new defenses." *Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc.*, No. 04-cv-60861, 2005 WL 975773, at *12 (S.D. Fla. Mar. 4, 2005) (Klein, J.).

Having found that Paragraph 2 of Defendants' Affirmative Defenses is not a valid defense and amounts to nothing more than surplusage, the next question is whether it should be stricken. Courts in this District have taken varied approaches to the question of whether to strike these types of defenses or whether striking is unnecessary. *See Doral Boulevard Hotel*, 2016 WL 8793344, at *2 (S.D. Fla. May 23, 2016) (Scola, J.) (striking reservation of rights); *Harapeti v. CBS Television Stations Inc.*, No. 20-cv-20961, 2021 WL 1854141, at *6 (S.D. Fla. May 10, 2021) (Louis, J.) (same); *Gonzalez v. Spears Holdings, Inc.*, No. 2009 WL 2391233, at *4 (S.D. Fla. July 31, 2009) (Cohn, J.) (same). *Cf. Florez v. Workforce Sol. Staffing, LLC*, No. 20-cv-22766, 2020 WL 13042921, at * 5–6 (S.D. Fla. Dec. 7, 2020) (Torres, J.) (denying motion to strike reservation of rights); *Marquez v. Hepner*, No. 20-cv-20240, 2020 WL 13388311, at *3

(S.D. Fla. Mar. 12, 2020) (Ungaro, J.) (noting "a reservation of rights is essentially meaningless and serves only to waste this Court's limited resources" but finding it "entirely unnecessary to strike the affirmative defense at this stage"); *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-cv-61716, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013) (Rosenbaum, J.) ("[A] motion to strike a reservation of rights really does nothing from the standpoint of Plaintiff's rights or strategic position. In short, it is not necessary to strike the reservation of rights.").

The foregoing authority may have left the undersigned on the fence, except that there is another circumstance present in this case that dictates the defense should be stricken. That is, the undersigned notes that in Paragraph 3 of Defendants' Affirmative Defenses, which Plaintiff does not challenge in the Motion, Defendants "reserve the right to amend [their] answer as necessary and assert other defenses as this action proceeds." [ECF No. 28, at 16, ¶ 3]. Therefore, Paragraph 2 of Defendants' Affirmative Defenses is redundant and duplicative of the unchallenged reservation of rights in Paragraph 3, and, for this reason, should be stricken.

Therefore, the undersigned recommends that Paragraph 2 of Defendants' Affirmative Defenses be stricken. In the event Defendants later wish to add additional affirmative defenses, they may seek leave to amend consistent with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2).

Accordingly, the undersigned recommends that Plaintiff's Motion to Strike Paragraph 2 of Defendants' Affirmative Defenses be granted.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned respectfully recommends that Plaintiff's Motion to Strike Defendants' Affirmative Defenses [ECF No. 30] be **GRANTED** and that Paragraphs 1 and 2 of Defendants' Affirmative Defenses be **STRICKEN**.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 15th day of July 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Marcia G. Cooke
      Counsel of Record