UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case NO. 21-Civ-24007-COOKE/DAMIAN

GPM INDUSTRIAL, INC.,

    Plaintiff,

vs.

UNITED STATES CITIZENSHIP
& IMMIGRATION SERVICES, and
TRACY RENAUD, Senior Official Performing
the Duties of the Director, U.S. Citizenship and
Immigration Services,

    Defendants.
_____/

## ORDER ADOPTING AND AFFIRMING REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court on the Report and Recommendation of the Honorable Melissa Damian, U.S. Magistrate Judge (the "Report") (ECF No. 49), regarding Plaintiff's Motion to Strike Defendants' Affirmative Defenses (the "Motion") (ECF No. 30).

In her Report, Judge Damian recommends that the Motion be granted and Paragraphs 1 and 2 of Defendants' affirmative defenses be stricken. Defendants United States Citizenship & Immigration Services and Tracy Renaud ("Defendants") timely filed Objections to Judge Damian's Report (ECF No. 50). Plaintiff, GPM Industrial, Inc. ("Plaintiff"), timely filed a response to Defendants' Objections to Judge Damian's Report (ECF No. 51).

When a magistrate judge's "disposition" is properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to

those findings." (alterations added)). Because Defendants filed timely Objections to Judge Damian's Report, the Court reviews the record *de novo*.

In their Objections, Defendants argue that Judge Damian erred by: 1) applying the heightened pleading standard to Defendants' affirmative defenses; 2) concluding that Paragraph 1 of Defendants' affirmative defenses should be stricken rather than being treated as a denial; 3) finding that Paragraph 2 is an appropriate affirmative defense because it places Plaintiff on notice of specific defenses Defendants may raise as the litigation progresses; 4) not treating Paragraph 2 as a reservation of the right to raise the affirmative defenses of estoppel, res judicata, waiver, statute of limitations, and fraud; and 5) failing to consider the fact that Plaintiff will not be prejudiced by Paragraphs 1 and 2 of Defendants' affirmative defenses.

After conducting a *de novo* review of the record, Defendants' Objections, Plaintiff's response to Defendants' Objections, and the relevant legal authorities, the Undersigned finds, for the reasons discussed below, that Paragraphs 1 and 2 of Defendants' affirmative defenses should be stricken.

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *1872 Holdings Int'l, LLC v. Zamora Co. Glob., S.L.U.*, No. 21-CV-23227, 2022 WL 1641851, at *1 (S.D. Fla. May 24, 2022) "A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) (internal citations omitted); *see also Flav-O-Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.)*, 846 F.2d 1343, 1349 (11th Cir. 1988). Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A district court has "broad

discretion" when it considers a motion to strike under Rule 12(f). *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005). Under this standard, "'an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008-BLOOM/Valle, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quoting *Adams*, 294 F.R.D. at 671 and *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

### A.     Paragraph 1 of Defendants' Affirmative Defenses

Paragraph 1 of Defendants' Affirmative Defenses states, "Plaintiff's [First Amended Complaint] and each cause of action therein fails to state a claim upon which relief may be granted." ECF No. 28, Ans. at ¶ 1, p. 16. This is not an affirmative defense. *See Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-CV-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) ("'[F]ailure to state a claim is a defect in [a party]'s claim; it is not an additional set of facts that bar recovery notwithstanding [a party]'s valid prima facie case.'") (alteration in original) (quoting *Boldstar Tech. LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007)). Accordingly, the Court agrees with Judge Damian's Report and finds that Paragraph 1 should be stricken.

### B.     Paragraph 2 of Defendants' Affirmative Defenses

Paragraph 2 of Defendants' Affirmative Defenses states:

> Although Defendants do not presently have specific facts in support of their remaining defenses, they hereby put Plaintiff on notice that Defendants raise

> the following affirmative defenses, as set forth in Federal Rule of Civil Procedure 8, should Defendants become aware of facts that support those defenses, including but not limited to: estoppel, res judicata, waiver, statute of limitations, and fraud.

ECF No. 28, Ans. at ¶ 2, p. 16. The plain language of Paragraph 2 indicates that Defendants plan to assert the defenses of estoppel, res judicata, waiver, statute of limitations, and fraud should Defendants become aware of facts that would support them; however, a reservation of rights to assert additional affirmative defenses is *not* an affirmative defense. Indeed, such a clause is meaningless and has no legal effect. *See Doral Boulevard Hotel, LLC v. Hartford Steam Boiler Inspection & Ins. Co.*, No. 16-20697-CIV, 2016 WL 8793344, at *2 (S.D. Fla. May 23, 2016) (finding a reservation of rights clause to have no effect and exercising the court's discretion to strike it). As a result, the Court agrees with Judge Damian's Report and finds that Paragraph 2 of Defendants' Affirmative Defenses should be stricken.

Therefore, it is **ORDERED AND ADJUDGED** that Judge Damian's Report and Recommendation **(ECF No. 49)** is **ADOPTED AND AFFIRMED**. Accordingly, Plaintiff GPM Industrial Inc.'s Motion to Strike Defendants' Affirmative Defenses **(ECF No. 30)** is **GRANTED**. Paragraphs 1 and 2 of Defendants' Affirmative Defenses are **STRICKEN**.

**DONE and ORDERED** in Chambers in Miami, Florida, this ___ day of September 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT COURT JUDGE
For Marcia G. Cooke, U.S. District Judge

Copies furnished to:
*Melissa Damian, U.S. Magistrate Judge*
*Counsel of record*